UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARRON FAULK, | : | 3:17-cv-0941 |
| Plaintiff | : | |
| vs. | : | Hon. John E. Jones III |
| Dr. FROMMER, | : | |
| Defendant | : | |

**MEMORANDUM**

**December 20, 2018**

**I.     Background**

On May 30, 2017, Plaintiff, Arron Faulk, an inmate confined in the Smithfield State Correctional Institution, Huntingdon, ("SCI-Smithfield"), Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The only named Defendant is Dr. Frommer, SCI-Smithfield physician. Id.

By Order dated August 10, 2017, service of process was issued, and the Clerk of Court was directed to serve the complaint on Dr. Frommer. (Doc. 9).

By Order dated May 2, 2018, upon consideration of Defendant's failure to return this court's Waiver of service and summons, the Court directed the United States Marshal to serve the Plaintiff's complaint on Defendant Frommer. (Doc. 13).

On May 16, 2018, the summons was returned to the Court as unexecuted, with the U.S. Marshal's notation that "DUSM contacted SCI-Smithfield" and "[t]he subject to serve no longer is employed there" and [t]he institution could not find any other contact information for subject." (Doc. 17).

By Order dated June 7, 2018, the Court directed Plaintiff to submit a current address for Defendant, Dr. Frommer, on, or before June 17, 2018. (Doc. 18). The Order forewarned Plaintiff that failure to provide the Court with a current address for Defendant Frommer would result in dismissal of the above captioned action, in accordance with Fed.R.Civ.P. 4(m). Id. By Order dated June 21, 2018, Plaintiff was granted an enlargement of time, until July 16, 2018, to submit a current address for Defendant Frommer. (Doc. 20). As of the date of this Memorandum, Plaintiff has yet to provide the Court with a current address for Defendant Frommer. For the reasons set forth below, the Court will dismiss the Plaintiff's action.

## II. Discussion

When a complaint has not been served upon a defendant within 120 days after the complaint is filed, Federal Rule of Civil Procedure 4(m), requires the court, after giving the Plaintiff appropriate notice, to dismiss the action without prejudice against that defendant. Under such circumstances, dismissal of the complaint for failure to comply with Rule 4(m) is appropriate. *See Liu v. Oriental*

*Buffett,* 134 Fed. Appx. 544, 546–7 (3d Cir.2005); *Gebhardt v. Borough of Island Heights,* 2007 WL 4355465 *1 (D.N.J. Dec.7, 2007). The district court in *Gebhardt* relying on Rule 4(m) stated that when there has been a failure to serve, the court should give notice to the Plaintiff that his action will be dismissed unless he or she can establish good cause for the failure or that service was timely effected. (*See id.*)

This Court's Order of January 5, 2012 gave Plaintiff adequate notice of its intention to dismiss the claims against the only named Defendant, based on lack of service under Rule 4(m) and an opportunity to respond. Although the time granted to Faulk by this Court's Order of June 21, 2018 has expired, Plaintiff has neither submitted a response nor requested additional time in which to do so. The record also contains no indication that Faulk has made any effort whatsoever to ascertain the whereabouts of any of the Defendant Frommer.

Based upon an application of the standards announced in *Liu* and *Gebhardt,* and especially noting that although this matter has been pending since May 2017, the current addresses for the only named Defendant has not been provided to this Court and is still apparently unknown, the dismissal of this action without prejudice for failure to effect service on the Defendant Frommer is warranted under Rule 4(m). *See Sykes v. Blockbuster Video,* 205 Fed. Appx. 961,

963 (3d Cir.2006); *Balac v. Osborn,* 2009 WL 3242131 * 1 (D.N.J. Oct.6, 2009).

An appropriate Order will enter.